**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FRANK BRETT,**

           **Plaintiff,**

**-vs-**                                                     **Case No. 6:14-cv-426-Orl-36DAB**

**JENKINS, U.S. MARSHAL, UNKNOWN**
**SECOND BLACK U.S. MARSHAL MAN,**
**and PHIL. PA. U.S. MARSHAL "STEVE",**

           **Defendants.**
_____

**REPORT AND RECOMMENDATION AND ORDER**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | March 17, 2014 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **dismissed, with prejudice**. | |
| **MOTION:** | **MOTION FOR COURT APPOINTED COUNSEL AND FOR LEAVE TO FILE 43 TAPES (Doc. No. 3)** |
| **FILED:** | March 17, 2004 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Plaintiff seeks leave to pursue his Complaint, which the Court finds to be incomprehensible, as a pauper, and for other relief. The Court finds from an inspection of the Middle District of

Florida's records that the filing of this case is only the latest in a series of frivolous actions filed by Plaintiff with this Court. *See* Case Nos.: 6:07-cv-1500-GAP-DAB, 6:07-cv-1919-PCF-GJK, 6:07-cv-2023-GAP-GJK, 6:08-cv-74-JA-DAB, 6:08-cv-383-JA-GJK, 6:08-cv-433-PCF-GJK, 6:08-cv-556-PCF-KRS, 8:09-cv-2624-JSM-AEP, 6:13-cv-00498-RBD-GJK and 6:13-cv-573-Orl-22TBS. Indeed, a recent incarnation was dismissed with prejudice. *See* Case 6:13cv498, Docs. 8 and 9.[1]

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would

---

[1] The Court notes that, in Case 6:13cv498, Plaintiff appeared to attempt to sue the undersigned. While the papers listed "David A. Baker" in the case style as a Defendant, the papers themselves were illegible and incomprehensible, and did not set forth any cause of action against the undersigned. As noted, the matter was dismissed with prejudice, prior to any service of process or other proceedings. For this reason, the Court sees no basis for recusal in the instant matter.

defeat the action. *Id*. at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979). Moreover, the district court can consider a plaintiff's long history of bringing unmeritorious litigation in deciding whether to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

As the instant Complaint is incomprehensible and no cause of action is stated, and in view of the history of other frivolous cases filed by Plaintiff, it is **RECOMMENDED** that the motion to proceed in forma pauperis be **denied** and the Court **dismiss** the case, with prejudice. The pending motion to appoint counsel and for other relief is **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 20, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy